(21 App. Div. 168.)

### VOSHEFSKEY v. HILLSIDE COAL & IRON CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

1. FOREIGN CORPORATIONS—ACTIONS AGAINST—JURISDICTION.
   In an action against a foreign corporation, the fact of plaintiff's residence within the state gives the court jurisdiction, under Code Civ. Proc. § 1780. And, if the complaint does not allege the fact, the court has jurisdiction to allow its amendment at the trial.

2. NEGLIGENCE—LIABILITY—CONFLICT OF LAWS.
   Where one was injured in Pennsylvania through the negligence of a corporation of that state, the laws of Pennsylvania regulating the question of the resulting liability were controlling in an action brought in New York.

**3. MASTER AND SERVANT—MINES—DEFECTIVE COAL CARS.**
    The accident happened while plaintiff was stepping from one bumper to another of a coal car, and was caused by defects in the bumper. *Held,* that under the statutes of Pennsylvania, prohibiting all persons from riding on loaded cars in any slope, shaft, or place in or about a mine, plaintiff could not recover.

**4. SAME—DUTIES OF SERVANT—OBEYING INSTRUCTIONS.**
    The fact that it was customary for drivers to ride on loaded cars, and that this custom was sanctioned and approved by defendant's officers, and that plaintiff was ordered by them to ride on the car, could not avail plaintiff, as it would be in direct violation of the statute.

**5. APPEAL—QUESTIONS NOT RAISED BELOW.**
    It could not be first urged on appeal that the court erred in permitting a document to be proved by secondary evidence.

**6. MINES—OPERATION—CONSTRUCTION OF STATUTES.**
    A statute of Pennsylvania, providing that "no persons shall ride upon or against any loaded car, cage or gunboat in any shaft, slope or place in or about a mine or colliery," forbids all persons riding upon loaded cars while in motion in any part of the mine.

Appeal from trial term.

Action by Paul Voshefskey against the Hillside Coal & Iron Company. There was a verdict for plaintiff, and from an order setting it aside and granting a new trial plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. W. Catlin, for appellant.
Henry Bacon, for respondent.

GOODRICH, P. J. The action was brought to recover for injuries received by the plaintiff in October, 1891, at which time he was a resident of the state of Pennsylvania. The defendant is a corporation organized under the laws of that state, and was carrying on business as a mining company, at Forest City. The plaintiff continued to reside in Pennsylvania until June 1896, when he removed to Haverstraw, N. Y. The action was commenced on June 24, 1896. The plaintiff began work as a door tender for the defendant, in May, 1891. In October he was employed to drive a mule attached to loaded coal cars of the defendant, and was injured within a week after commencing that work. On the day of the accident, the plaintiff, after hitching his mule to a car, stepped upon the right-hand bumper, and then, according to his testimony, was in the act of stepping over to the left-hand bumper, when a block which formed a part of it turned under his foot, and threw him down in front of the car, which passed over his arm, and crushed it so that it had to be amputated above the elbow. The plaintiff claims that the accident occurred by reason of the defective condition of the bumper, and there was some evidence tending to show that its condition was defective, and was known to the mine foreman of the defendant. The defendant contends that the court was without jurisdiction, as the complaint did not allege that the plaintiff was a resident of this state at the time of the commencement of the action, and the defendant is a foreign corporation. After the plaintiff had closed his evidence, the defendant's counsel moved to dismiss the complaint, whereupon the plain-

tiff's counsel obtained leave to recall the plaintiff, and examined him as to his residence at the time of the service of the summons. The defendant's counsel objected, and excepted to this examination, and to the amendment of the complaint, upon the ground that the court had no jurisdiction to make such an order, or to take any other steps in the action. I do not think that the exception was well founded. The question of jurisdiction depended upon the fact of the plaintiff's residence; and, if he was a resident of the state of New York at the time of the commencement of the action, the court had actual jurisdiction, although the fact was not alleged in the complaint, and the court was justified in permitting the amendment. The defendant also moved to dismiss the complaint on the ground that the liability of the defendant was governed by the laws of Pennsylvania, where the parties resided at the time of the accident, and under the laws of which the defendant operated the mine and employed the plaintiff; and that by the laws of that state the negligence alleged was that of the mine foreman or his assistant, the driver boss, who, by the laws and decisions of that state, are co-employés of the plaintiff, for whose negligence the defendant is not liable. The court refused to grant the motion, and submitted the issues to a jury, reserving the questions involved in the motion. The jury rendered a verdict of $5,000 for the plaintiff, which was subsequently set aside by the court, a new trial being granted; and from this order the plaintiff appeals.

We are thus brought to consider the question whether the liability of the defendant is governed by the laws of Pennsylvania, the place of the contract and of the accident, or by the law of the forum; and we are clearly of the opinion that the law of Pennsylvania controls. Story, in his Conflict of Laws (7th Ed., § 29), refers to the three axioms of Huberus, which seem to solve the intricacies of the subject:

"The first is that the laws of every empire have force only within the limits of its own government, and bind all who are subjects thereof; but not beyond those limits. The second is that all persons who are found within the limits of a government, whether their residence is permanent or temporary, are to be deemed subjects thereof. The third is that the rulers of every empire from comity admit that the laws of every people in force within its own limits ought to have the same force everywhere, so far as they do not prejudice the powers or rights of other governments or of their citizens."

Such has also been held by the courts of our own state in analogous cases. Whitford v. Railroad Co., 23 N. Y. 465; McDonald v. Mallory, 77 N. Y. 546–551. By the statute law of Pennsylvania, which was offered in evidence, all persons are prohibited from riding upon loaded cars in any shaft or place in or about a mine. As the plaintiff was riding upon a loaded car in a mine shaft, and the accident occurred by reason thereof, and while he was so engaged, the defendant cannot be held liable, even though the car was in an unsafe condition, as the plaintiff was using the car and bumper in violation of the statute; and the defendant cannot be held liable for failure to furnish a safe car to be used by the plaintiff in violation of the statute. The plaintiff testifies that he was ordered to ride upon the bumpers by the assistant mine foreman. As the statute pro-

vides that the mine foreman or his assistant shall see that no person is permitted to work in an unsafe place, the most that can be said is that the plaintiff received his injury through the misconduct of the assistant mine foreman in directing him to ride upon the loaded car, contrary to the statute; and it is settled by a long line of Pennsylvania authorities, which form part of the evidence in the record, that these persons are co-employés of the other workmen in the mine, so far as their statutory duties are concerned, and that the owner is not liable for their negligence or misconduct. We have not lost sight of the objection of the plaintiff that the laws of Pennsylvania forbid the assistant mine foreman to act as such unless he holds an official certificate, and that the defendant was permitted to prove the existence of such certificate without producing it; but the record does not show that any objection was made to this method of proof, and it is too late to raise the question on appeal.

The plaintiff relies upon the principle that it is the duty of the employer to provide suitable tools and machinery, and contends that defendant failed to fulfill that duty when it furnished a car the bumpers of which were out of repair; but, as it was the duty of the mine foreman or assistant mine foreman to see to the proper repairing of the car, the failure to do so must also be held to be the negligence of such persons, and we have already held that these were fellow servants of the plaintiff.

Another objection of the plaintiff arises from the use of the words "slope, shaft, or place," in the Pennsylvania statute, which reads: "No persons shall ride upon or against any loaded car, cage or gunboat in any shaft, slope or place in or about a mine or colliery." The plaintiff contends that the place where the accident occurred was not within the category of the prohibition. We do not agree with his criticism, as the statute must be reasonably construed to carry out its intention, and its evident intention was to forbid all persons riding upon loaded cars while in motion in a mine. Nor is there any force in the contention of the plaintiff that it was customary for himself and the other drivers to ride upon loaded cars, and that this custom was sanctioned and approved by the defendant's officers, even assuming the truth of his testimony upon this point that he was ordered by them to ride upon the car. Such order was a direct violation of the statute, and a reliance upon it cannot avail the plaintiff.

The learned court was justified in setting aside the verdict, and the order is affirmed. All concur.