ELMER JACKSON, Respondent, *v.* LOMAS, Appellant.

(No. 4,321.)

(Submitted April 12, 1921.   Decided May 6, 1921.)

[198 Pac. 434.]

*Personal Injuries—Cities and Towns—Explosives—Minors—Violation of Ordinances—Parties in Pari Delicto—Effect on Right to Recover.*

Minors—Violation of Penal Ordinances—Accountability.
> 1.   A minor (twelve years old) is chargeable with the obligation of refraining from violation of penal statutes or city ordinances.

Personal Injuries—Parties *in Pari Delicto*—Violation of Statute or Ordinance—Negligence *Per Se*—Exception to Rule.
> 2.   The rule that the violation of a penal statute or ordinance by one resulting in injury to another is negligence *per se* does not apply where the wrongdoer and the injured party are *in pari delicto*.

Same—Cities and Towns—Explosives—Violation of Penal Ordinance—Parties *in Pari Delicto*—Effect.
> 3.   A city ordinance prohibited the sale, as well as the discharge, of fireworks, *etc.*, within the city limits. A minor purchased a package of firecrackers from defendant, discharged one and was injured. *Held,* that having been *in pari delicto* with defendant in violating the ordinance, he could not recover damages for the injuries sustained.

*Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by Elmer Jackson, by his guardian *ad litem.* W. M. Jackson, against C. T. Lomas. Judgment for plaintiff. Defendant appeals from it and from the order denying his motion for a new trial. Reversed and remanded, with direction to enter judgment in favor of defendant.

*Mr. F. C. Fluent,* for Appellant, submitted a brief and argued the cause orally.

A person is liable only for acts of negligence which proximately cause the injury alleged. If the violation of the ordi-

---

3.   Liability for injuries resulting from discharge of fireworks, see notes in 5 Ann. Cas. 539; 13 Ann. Cas. 547.

nance pleaded was not the proximate cause of the injury, then defendant is not liable. (*Meyer* v. *King,* 72 Miss. 1, 35 L. R. A. 474, 16 South. 245.) The proximate cause of an injury is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury and without which the injury would not have occurred. (*Therriault* v. *England,* 43 Mont. 376, 116 Pac. 581.)    The only violation of the ordinance by defendant pleaded was the sale of a package of firecrackers. This sale was not the proximate cause of the injury. (*Meyer* v. *King, supra; Poland* v. *Earhart,* 70 Iowa, 285, 30 N. W. 637; *Hartnett* v. *Boston Store of Chicago,* 265 Ill. 331, L. R. A. 1915C, 460, 106 N. E. 837; *Dubois* v. *Luthmers,* 147 Iowa, 315, 126 N. W. 147.) In the case at bar the sale was not connected in any way with the accident that subsequently happened to plaintiff.

If plaintiff has a cause of action for his injuries, it must be founded on the fact that the accident by which he was injured might reasonably have been anticipated by defendant as a consequence of the sale of the firecrackers to him. There is no evidence showing that such injury ought to have been anticipated as a consequence of the sale. The evidence shows that plaintiff was familiar and experienced in the handling of firecrackers. It cannot be said that defendant might reasonably have anticipated that an accident would occur from the handling of the firecrackers from the fact alone that the person to whom defendant sold them was a minor. (*Poland* v. *Earhart, supra; Stephenson* v. *Corder,* 71 Kan. 475, 114 Am. St. Rep. 500, 69 L. R. A. 246, 80 Pac. 938; *Carter* v. *Towne,* 103 Mass. 507; Thompson on Negligence, 2d ed., sec. 830; *Reino* v. *Montana Mineral Land etc. Co.,* 38 Mont. 291, at page 295, 99 Pac. 853; note to *Kreigh* v. *Westinghouse C. K. & Co.,* 11 L. R. A. (n. s.) 684; *Gartin* v. *Meredith,* 153 Ind. 16, 53 N. E. 936; *McKibbin* v. *F. E. Bax & Co.,* 79 Neb. 577, 126 Am. St. Rep. 677, 13 L. R. A. (n. s.) 646, 113 N. W. 158.)

Where the complaint shows that damages resulted from plaintiff's own act, the burden is upon him to show that he is not guilty of contributory negligence. (*Snook* v. *City of Anaconda*, 26 Mont. 128, 66 Pac. 756; *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21; *Meehan* v. *Great Northern Ry. Co.*, 43 Mont. 72, 114 Pac. 781; *Harrington* v. *Butte etc. Ry. Co.*, 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8.) This plaintiff has not done.

Plaintiff was in *pari delicto* with defendant, and therefore cannot recover. (*Kallio* v. *Northwestern Improvement Co.*, 47 Mont. 314, Ann. Cas. 1915A, 1228, 132 Pac. 419; *Melville* v. *Butte-Balaklava Copper Co.*, 47 Mont. 1, 130 Pac. 441; 1 Thompson on Negligence, sec. 83; 29 Cyc. 501; *Little* v. *Southern Ry. Co.*, 120 Ga. 347, 102 Am. St. Rep. 104, 66 L. R. A. 509, 47 S. E. 953.) This rule applies to minors, even if of tender years (*Barney* v. *Hannibal & St. Joseph R. Co.*, 126 Mo. 372, 26 L. R. A. 847, 28 S. W. 1069).

*Mr. William Meyer*, for Respondent, submitted a brief and argued the cause orally.

Counsel contend that it was the illegal act of plaintiff which resulted in his injuries, and that therefore he cannot recover. In support of this contention he cites the cases of: *Kallio* v. *Northwestern Imp. Co.*, 47 Mont. 314, Ann. Cas. 1915A, 1228, 132 Pac. 419, and *Melville* v. *Butte Balaklava Copper Co.*, 47 Mont. 1, 130 Pac. 441. These cases, however, are not in point; in neither of these cases was the plaintiff or plaintiff's intestate, a minor. If the respondent herein was not a minor, then the language of the court in the *Melville case* might apply, but we submit that the age of respondent, as disclosed by the evidence, makes the question of contributory negligence, if at all available to appellant in in this case, a question of fact for the jury. In the case of *Mason* v. *Northern Pacific Ry. Co.*, 45 Mont. 474, 124 Pac. 271, this court held the correct rule to be in this state that a child was bound to exercise only the care of those of his

own age and understanding, and held that whether such care
had been exercised in the given case was a question of fact
for the jury. (*Conway* v. *Monidah Trust Co.*, 47 Mont. 269,
L. R. A. 1915E, 500, 132 Pac. 26.) In the *Mason Case,* we
call the court's attention to the fact that the minor there
was sixteen years of age. Under the above decisions, we
submit that it must be held that the question of contributory
negligence in this case was a question for the jury. (*North-
ern Pacific R. Co.* v. *Chervenak,* 203 Fed. 884, 122 C. C. A.
178 (five years); *Texas & N. O. R. Co.* v. *McLeod,* 62 Tex. Civ.
270, 131 S. W. 311 (fourteen years); *Trent* v. *Norfolk &
W. R. Co.,* 167 Ky. 319, 180 S. W. 792 (eight years); *Gesas*
v. *Oregon Short Line R. Co.,* 33 Utah, 156, 13 L. R. A. (n. s.)
1074, 93 Pac. 274 (eight years); *Cahill* v. *E. B. & A. L.
Stone & Co.,* 153 Cal. 571, 19 L. R. A. (n. s.) 1094, 96 Pac.
84; *Hammond, W. & E. C. Electric St. R. Co.* v. *Blockie,* 40
Ind. App. 497, 82 N. E. 541; *Denver City Tramway Co.* v.
*Nicholas,* 35 Colo. 462, 84 Pac. 813; *St. Louis & S. F. R. Co.*
v. *Hodge,* 53 Okl. 427, 157 Pac. 60; *Lodge* v. *Pittsburgh &
L. E. Ry. Co.,* 243 Pa. St. 10, 89 Atl. 790 (eleven years).)

It is our contention that the appellant in this case was
liable for two reasons: First: His violation of the ordinances of
the city of Butte, and, second, his negligence in selling fire-
crackers to a minor. (See *Akin* v. *Bradley Engineering &
M. Co.,* 48 Wash. 97, 92 Pac. 903; *Harriman* v. *Pittsburgh
etc. Ry. Co.,* 45 Ohio St. 11, 4 Am. St. Rep. 507, 12 N. E.
451; *Wells* v. *Gallagher,* 144 Ala. 363, 113 Am. St. Rep. 50,
3 L. R. A. (n. s.) 759, 39 South. 747; *Mattson* v. *Minnesota
etc. R. Co.,* 95 Minn. 477, 111 Am. St. Rep. 483, 70 L. R. A.
503, 104 N. W. 443; *Vills* v. *City of Cloquet,* 119 Minn. 277,
138 N. W. 33; *Loughlin* v. *Pennsylvania R. Co.,* 240 Pa.
St. 174, 87 Atl. 294; *Mathis* v. *Granger Brick & Tile Com-
pany,* 85 Wash. 634, 149 Pac. 3.)

The fact that the ordinance in question also makes it un-
lawful to discharge fireworks does not bar the action, but only
goes to the question of contributory negligence. (1 Thomp-

son on Negligence, sec. 210.) "If one sells gunpowder or other explosives to children, or to others whom he knows to be incapable of taking proper care of them, he is liable for injuries resulting from their improper use by such persons." (19 Cyc. 7.)

That the sale of the fireworks to respondent was the proximate cause of the injury, see *Holter Hardware Co.* v. *Western Mortgage & W. T. Co.,* 51 Mont. 94, L. R. A. 1915F, 835, 149 Pac. 489, 490; *Mathis* v. *Granger Brick & Tile Co.,* 85 Wash. 634, 149 Pac. 3; *Missouri O. & G. R. Co.* v. *Miller,* 45 Okl. 173, 145 Pac. 367; *McAuley* v. *Casualty Co. of America,* 39 Mont. 185, 102 Pac. 586, 589; *Clark* v. *E. I. Dupont etc. Powder Co.,* 94 Kan. 268, Ann. Cas. 1917B, 340, L. R. A. 1915E, 479, 146 Pac. 320.

We call the court's attention to three cases which we believe to be so closely parallel to the case at bar, both as to the law and the facts, that in our opinion they should be adopted as the law in this case. We refer to the cases of *McEldon* v. *Drew,* 138 Iowa, 390, 128 Am. St. Rep. 203, 116 N. W. 147; *Pizzo* v. *Wiemann,* 149 Wis. 235, Ann. Cas. 1913C, 803, 38 L. R. A. (n. s.) 678, 134 N. W. 899; *Olson* v. *Gill Home Inv. Co.,* 58 Wash. 151, 27 L. R. A. (n. s.) 884, 108 Pac. 140.

MR. JUSTICE GALEN delivered the opinion of the court.

The amended complaint in this action, after alleging that the plaintiff is a minor, ten years of age, and the appointment of W. M. Jackson as his guardian *ad litem,* alleges: "That a long time prior to the ninth day of July, 1916, to-wit, on or about the twenty-second day of September, 1910, the city council of the city of Butte duly passed, and the then mayor did approve an ordinance, being Ordinance No. 948 of the series of ordinances of the city of Butte, which said ordinance was entitled: 'An ordinance prohibiting the discharge of fireworks and other pyrotechnic display[s] and to prohibit the sale thereof.' Which said ordinance was in

full force and effect on the ninth day of July, 1916, and at all the times herein mentioned, and where and whereby it was provided amongst other matters, as follows: 'Section 2. The sale of fireworks at retail is prohibited.' And that said ordinance has not been amended or repealed."

It is further alleged that the defendant was engaged in the general mercantile business within the corporate limits of the city of Butte, and that "on the ninth day of July, 1916, the said defendant unlawfully, recklessly, carelessly and negligently did sell to the above-named Elmer Jackson, and in violation of the provisions of Ordinance No. 948 of the ordinances of the city of Butte, one package of firecrackers." It is alleged that Elmer Jackson "did not know, and in the exercise of ordinary care could not have known, that the amount of powder contained in said firecracker was sufficient so that when the same was exploded, it would be liable, if held in the hand," to cause injury to the plaintiff's hand, and that the defendant failed to warn the plaintiff "of the quantity of powder contained in each of said firecrackers or the probable effect of the explosion" thereof, and that the plaintiff "did not know, and in the exercise of ordinary care could not have known," of the danger. It is then alleged that, while held by the plaintiff, one of the firecrackers exploded and caused injuries to plaintiff's left hand, necessitating partial amputation of the left thumb and the tip of the index finger; and further, that it was dangerous to sell firecrackers to children and was dangerous and unsafe to sell firecrackers to the plaintiff, and that the defendant knew, or by the exercise of ordinary care should have known, of the danger. It is then alleged that by reason of the injuries sustained to the plaintiff's left hand it has become deformed and that his earning capacity is greatly diminished and impaired, and the injuries by him sustained permanent. Damages are alleged in the sum of $5,000.

The answer admits that plaintiff is a minor twelve years of age, and the appointment of W. M. Jackson as his guard-

ian *ad litem.* The existence of Ordinance No. 948 of the city of Butte and the sale by the defendant to the plaintiff of one package of firecrackers are admitted and each other allegation of the complaint is denied; and by way of affirmative defense, the answer pleads contributory negligence and that the sole cause of the accident was the illegal act of the plaintiff in discharging the firecracker within the corporate limits of the city of Butte in violation of the ordinance, which provides, in addition to the provisions thereof alleged in plaintiff's amended complaint, as follows: ''The discharge, firing or use of all firecrackers, rockets, torpedoes, Roman candles, or other fireworks or substances designated for pyrotechnic display, and of all pistols, canes, cannons, or other appliances using blank cartridges or caps containing chlorate of potash mixture, is hereby prohibited.''

The plaintiff's reply admits that the plaintiff is twelve years of age and the existence of the provision in the ordinance as alleged by the defendant, and all other allegations of the answer are denied.

A trial to the court and jury was had, which resulted in a verdict in favor of the plaintiff for the sum of $1,200, and judgment was regularly entered thereon. This appeal is from the judgment and order denying defendant's motion for a new trial.

Eight specifications of error are assigned, involving the decision of but a single question determinative of the case, *viz.:* Did the defendant render himself liable, under the circumstances of this case, by making sale of the firecrackers in violation of the city ordinance?

No objection was made to the sufficiency of the pleadings and there is but little conflict in the evidence. There is no dispute with reference to the fact that the city ordinance was violated by both the plaintiff and the defendant, *i. e.,* (1) by the defendant in unlawfully making sale of the firecrackers, and (2) by the plaintiff in discharging the same within the corporate limits of Butte.

Notwithstanding the youth of the plaintiff, he is chargeable [1] equally with the defendant with the obligation of refraining from violation of penal statutes or ordinances. And where the parties are *in pari delicto,* a recovery may not be had by the plaintiff for his own misconduct. Section 6192, Revised Codes, provides: "Between those who. are equally in the right or equally in the wrong, the law does not interpose." (See, also, *Melville* v. *Butte-Balaklava Copper Co.,* 47 Mont. 1, 130 Pac. 441, and *Kallio* v. *Northwestern Improvement Co.,* 47 Mont. 314, Ann. Cas. 1915A, 1228, 132 Pac. 419.) The leading case applying the principle involved is that of *Butterfield* v. *Forrester,* 11 East, 61, 103 Eng. Reprint 927, wherein Lord Ellenborough, C. J., said: "A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right." That was an action on the case for obstructing a highway by means of which the plaintiff, who was riding along the road at excessive speed, was thrown down with his horse and injured.

It is the general rule that the violation of a penal statute [2] or ordinance by one resulting in injury to another is negligence *per se.* (*Watts* v. *Montgomery T. Co.,* 175 Ala. 102, 105 South. 471; Thompson's Commentaries on the Law of Negligence, sec. 10; *Osterholm* v. *Boston & Mont. C. & S. Min. Co.,* 40 Mont. 508, 107 Pac. 499; *Neary* v. *Northern Pac. Ry. Co.,* 41 Mont. 480, 110 Pac. 226; *Melville* v. *Butte-Balaklava Copper Co., supra.*) But this rule fails of application where the parties are *in pari delicto.* (*Melville* v. *Butte-Balaklava Copper Co., supra;* Thompson's Commentaries on the Law of Negligence, sec. 204; *Kallio* v. *Northwestern Improvement Co., supra.*)

We think the rule laid down by Mr. Chief Justice Brantly, [3] speaking for this court, in the case of *Melville* v. *Butte-Balaklava Copper Co., supra,* conclusive. It is there held: "If a violation of the statute by the employer is negligence,

it is equally so on the part of the employee; and if the disobedience on the one hand is the proximate cause of the injury, so the dereliction, on the other hand, must be regarded as a contributing proximate cause; for the disobedience is concurrent, and the injury is the result of the concurrent causes which operated to the same end. In such a case, the employee cannot recover, because, in alleging the injury, he must, of necessity, allege his own fault. It is a general rule that an action never lies when the plaintiff must base his claim, in whole or in part, on the violation of a criminal or penal law of the state (*Lloyd* v. *North Carolina R. R. Co.*, 151 N. C. 536, 45 L. R. A. (n. s.) 378, 66 S. E. 604; *Nottage* v. *Sawmill Phoenix* (C. C.), 133 Fed. 979; *McGrath* v. *Merwin*, 112 Mass. 467, 17 Am. Rep. 119; *Louisville etc. Ry. Co.* v. *Buck*, 116 Ind. 566, 9 Am. St. Rep. 883, 2 L. R. A. 520, 19 N. E. 453; *Little* v. *Southern Ry. Co.*, 120 Ga. 347, 102 Am. St. Rep. 104, 66 L. R. A. 509, 47 S. E. 953; *Voshefskey* v. *Hillside Coal & I. Co.*, 21 App. Div. 168, 47 N. Y. Supp. 386; Thompson's Commentaries on the Law of Negligence, secs. 10, 204, 249).''

While the plaintiff bases his claim for damages upon a violation of the city ordinances by the defendant, yet from the pleadings as well as the evidence introduced at the trial, it appears that plaintiff's claim of damages is attributable to his own violation of such ordinances, and therefore he is not entitled to recover.

It is not necessary for decision in this case to determine the question of the proximate cause of the injury, either as a matter of law or of fact, further than to say, if the plaintiff had not lighted the firecracker and discharged it in violation of the ordinance, he would not have been injured thereby.

The fact alone that the act of the defendant was in violation of the ordinance does not afford ground for the recovery of· damages for the injury complained of, unless it shall, in addition, be affirmatively made to appear (1) that the plaintiff was free from fault, and (2) that defendant's act was

the proximate cause of the injury. Neither party having obeyed the city ordinance, and the accident being due to such nonobservance, they are *in pari delicto* and the plaintiff is not entitled to recover. The law leaves them where it finds them, equally in the wrong, although injury resulted to the plaintiff from their combined wrongs.

For the reasons stated, the judgment and order appealed from are reversed, with directions to the district court to enter judgment in favor of the defendant.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.

Rehearing denied May 31, 1921.